# IN THE MATTER OF THE NEGLECT OF P.L.H. et al.

## (199 N.W.2d 587)

(File Nos. 10975 to 10977. Opinion filed July 24, 1972)

**F. M. Niemoller,** Asst. Atty. Gen., Pierre, **Gordon Mydland,** Atty. Gen., Pierre, was on the brief, for respondent.

**William J. Pfeiffer,** Aberdeen, for appellant.

WUEST, Circuit Judge.

This is an appeal by the mother from a judgment terminating her custody to three small children and awarding permanent custody to the Division of Child Welfare for the purpose of placing them for adoption. The oldest child was born before her marriage to the father of the younger children. She was married January 8, 1968, and lived with her husband until November 1969, when she commenced divorce proceedings. However, they did live together periodically until May 29, 1970. Most of the domestic difficulties

occurred as a result of the father's excessive use of alcoholic beverages and his mistreatment of the children. He has received treatment at the Northeastern Mental Health Center and the Yankton State Hospital.

On April 30, 1970, the children's ages were two months, a year and one-half, and three years. On the afternoon of this date, the father came to the house where the mother and children were living and wanted the mother to go downtown for coffee and discuss their marital difficulties. The landlord was doing some repair work on the premises and the mother asked him to stay with the children for an hour. The landlord said he didn't know about an hour, so she and her husband went to the home of a neighbor to obtain a baby-sitter. This neighbor wasn't home, so she went to another neighbor, Judy Dabney, and requested her to baby-sit, but she declined, saying she was going to leave. The mother then returned to the house of the first neighbor who had returned home. This neighbor informed her she was busy, but she would check on the children who were sleeping and when they awoke she would bring them to her home. Appellant said she would be gone about an hour.

Judy Dabney saw appellant and her husband leaving and fearing the children were being left alone called the Department of Public Welfare. A caseworker for the Department received the call and requested Judy Dabney to stay with the children until she could get there. The caseworker then called the police department and asked an officer to meet her at the home. When she arrived at the home she found the landlord and his wife, who were working there, Judy Dabney, the neighbor who had agreed to check on the children, and the three children. It was twenty minutes after the appellant and her husband left the house until the caseworker and the police arrived at the home. The children were still sleeping. The first caseworker proceeded with neglect and dependency proceedings, so a second caseworker was dispatched to remove the children from the home and they were removed to a foster home upon receipt of a court order. The mother returned to the home shortly after arrival of the second caseworker and before the children were removed.

After the children were placed in the foster home, the caseworker concluded the oldest child was not functioning as a normal three-year-old child. After consulting her supervisor, various psychological tests were administered to the oldest child and she was rated "dull-normal". The foster mother reported to the caseworker the second child was not functioning as a normal year and one-half year old child, but as a six or eight-month-old child. At the hearing the caseworker gave her opinion the two children were products of the home environment.

Three separate petitions were filed with the Brown County District Court on April 30, 1970. They were identical except a separate petition was filed for each child. Substantially, they charged each child was dependent and neglected in that said child "does not have proper parental care and supervision; that the said child does not have a suitable abode, that said child has been abandoned without proper parental care by either parent."[1]

It further requested temporary custody by the Division of Child Welfare pending a hearing, and thereafter, permanent custody with authority to place the child for adoption. Based on this petition the court entered its order granting the Department temporary custody, and with this order the children were removed from the home.

The District County Court subsequently entered its order setting a time and place for hearing on the petition. Both appellant and her husband admitted service of the petitions and orders. Upon her request, the mother was appointed counsel under the provisions of SDCL 26-8-22.2.[2]

---

1. SDCL 26-8-6 defines a "neglected or dependent" child as one "whose parent, guardian, or custodian has abandoned him or has subjected him to mistreatment or abuse; who lacks proper parental care through the actions or omissions of the parent, guardian, or custodian; whose environment is injurious to his welfare; whose parent, guardian, or custodian fails or refuses to provide proper or necessary subsistence, education, medical care or any other care necessary for his health, guidance, or well-being; or who is homeless, without proper care, or not domiciled with his parent, guardian, or custodian."

2. We observe that the order setting the date for hearing did not comply with the provisions of SDCL 26-8-13.1 which provides the summons shall contain a statement, when appropriate, that the termination of parental rights is a possible remedy under the proceedings and shall set forth the right to have an attorney at all stages of the proceeding. The mother may have waived any jurisdictional questions by requesting appointed counsel and appearing in the proceedings. SDCL 26-8-14. However, the father never appeared and was never represented by counsel. This raises a serious jurisdictional question which might arise at some future time should these children be placed for adoption or be adopted. Great care should be exercised in proceedings terminating parental ties. See Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

A hearing was held at which the mother appeared with court-appointed counsel. This was an adjudicatory hearing to determine whether the allegations of the petitions were supported by a preponderance of the evidence. SDCL 26-8-1(1) and SDCL 26-8-22.10. At the conclusion of the hearing the court announced he was finding the children dependent and neglected; however, he did not feel the court was warranted in permanently depriving the mother, or even the father, of the children. He stated he would continue temporary custody of the children with a Division of Child Welfare and resume the hearing for the purpose of making a final disposition. Findings of Fact and Conclusions of Law and an Order were entered in accordance with this pronouncement.

According to our juvenile procedure, the first hearing on a petition is an adjudicatory hearing. When the court finds the allegations of the petition are supported by a preponderance of the evidence in cases concerning neglected or dependent children,[3] the court shall sustain the petition, and shall make an order of adjudication setting forth whether the child is neglected or dependent. In cases concerning neglected or dependent children, evidence that child abuse has occurred shall constitute prima facie evidence that such child is neglected or dependent, and such evidence shall be sufficient to support an adjudication. SDCL 26-8-22.10. After making an order of adjudication, the court shall hear evidence on the question of the proper disposition best serving the interests of the child and public. SDCL 26-8-22.11. The dispositional hearing may be continued on the motion of any interested party or on the motion of the court. SDCL 26-8-22.10 and SDCL 26-8-22.13. However, the continuation shall extend no longer than three months. SDCL 26-8-23. After the dispositional hearing, the court may enter a decree terminating all parental rights of one or both parents to the child when it finds that the best interest and welfare of the child so requires. SDCL 26-8-36.

At this point, June 29, 1970, prior to a final dispositional hearing, appellant appealed to the Circuit Court of Brown County the

---

3. The law provides in cases of delinquency the petition must be proved beyond a reasonable doubt. SDCL 26-8-22.10.

order adjudicating the children dependent and neglected. The Circuit Court appointed counsel for the mother. Thereafter, on September 28, 1970, the District County Court entered Findings of Fact and Conclusions of Law and an Order terminating the parental rights of both parents, awarding permanent custody to the Division of Child Welfare with the right to place them for adoption. This action was taken by the District County Court without convening or holding any dispositional hearing. Apparently, its action was predicated upon letters from caseworkers and a diagnostic interview of the mother by a psychiatrist which were never received in evidence. From this action, another appeal was taken to the Circuit Court.

Upon stipulation of counsel the first appeal was heard by the Circuit Court in December of 1970, and the Circuit Court entered its Findings of Fact and Conclusions of Law and Judgment finding and holding the children were dependent and neglected, terminating parental rights and giving custody to the Division of Child Welfare without a dispositional hearing being held by either court.

The assignments of error in this case are hardly more than assertions of error, however, no question of their sufficiency has been raised. See J. R. Watkins Company v. Beisel, 78 S.D. 413, 103 N.W.2d 333.

The first question for our determination is to decide whether there is sufficient evidence to sustain the petition and whether certain findings are supported by the evidence. We may not set aside Findings of Fact unless clearly erroneous. SDCL 15-6-52(a). In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455.

▮ The allegations of the petition and the finding of the court provide, "on or about April 30, 1970, the parents above named did leave (name of child) abandoned and unattended without proper parental care by either parent and said child did not at any time thereafter have a suitable home." The evidence in this case doesn't support the allegation or the subsequent finding. The mother made arrangements with a neighbor to care for the

children before she left with her husband and the children were then taken from her. The evidence does not support this finding and is clearly erroneous.

There was evidence presented which would support a finding of child abuse by the father. There is evidence showing the father is an alcoholic, that he did not support the family nor reside at the home except periodically after commencement of the divorce proceedings. No findings of fact were entered pursuant to this evidence other than a conclusion the children were dependent and neglected and the parents were unfit to have custody. There are reports or letters in the record the mother may not be a fit and proper person to have custody of the children. The most damaging is the diagnostic interview prepared by a psychiatrist dated August 5, 1970. This report along with letters from caseworkers were never presented or received in evidence. Apparently, they were delivered to the District County Court after the adjudicatory hearing and filed by him. Appellant was never given an opportunity to challenge the same because a dispositional hearing was never convened. These reports were introduced with the file in Circuit Court. Whether or not they were considered with the other reports by the Circuit Court is conjecture since the findings of fact, other than conclusions, base the court's judgment on abandonment of the children which is not supported by the evidence.[4]

Under the state of this record the judgment of the Circuit Court is reversed with directions to enter a judgment vacating the adjudicatory orders or judgments of the District County Court.

All the Judges concur.

WUEST, Circuit Judge, sitting for WOLLMAN, J., disqualified.

---

4. Reports may be received and considered by the court along with other evidence, provided the court, if requested, shall require the person who wrote the report or prepared the material appear as a witness and be subject to both direct and cross-examination. SDCL 26-8-32.5.