210 N.W.2d 907 (1973)
In the Matter of K. D. E., alleged neglected or dependent child.
Nos. 11009, 11011.
Supreme Court of South Dakota.
October 4, 1973.
Rehearing Denied November 12, 1973.
*908 Overpeck, Mueller & Bennett, Walter Mueller, Belle Fourche, for defendant and appellant, D. C. E.
R. E. Brandenburg, Belle Fourche, for defendant and appellant, J. L. E.
Frances M. Niemoller, Asst. Atty. Gen., Pierre, Jon Matson, State's Atty., Lawrence County, on the brief; Gordon Mydland, Atty. Gen., Pierre, for plaintiff and respondent.
DOYLE, Justice.
This action was instituted by the Director of Service Administration, Department of Public Welfare of the State of South Dakota. The petition alleged that K.D.E. was neglected or dependent in that she lacked proper parental care through the actions or omissions of her adoptive parents, D.C.E. and J.L.E. It was further alleged that the environment of the parental home was injurious to her welfare. This case was consolidated by order with a companion case involving an older adopted child, *909 S.D.E., and tried in district county court wherein both children were declared neglected or dependent. The parents appealed to circuit court. Again the cases were consolidated and further, it was stipulated that testimony concerning both the adjudicatory and dispositional hearings would be heard by the court in the same proceeding. The circuit court upheld the district county court's decision. Appellants then individually appealed the case involving K.D.E. to this court. The appellants next moved to vacate the judgment of the circuit court and for a new trial. The motion for a new trial was denied, but the motion to vacate judgment was granted for the sole purpose of permitting the appellants to file proposed Findings, Conclusions, Order of Adjudication and Decree of Disposition. On appeal the Assignments of Error in both cases are identical and, therefore, one opinion will be dispositive of both cases.
The appellants adopted their first child, S.D.E., a baby boy, in 1966. Two years later they adopted K.D.E., a baby girl.[1] The record shows the appellants to be unable to cope with the normal problems of raising a family except through the use of extremely harsh treatment, especially in the case of S.D.E. Summarizing the more severe incidents in regard to S.D.E.: The appellants kept him caged in the basement; did not allow him to eat meals with the rest of the family; restrained him in bed at night by tying him down; and beat him, causing large bruises on his limbs and body. The excuses given for this conduct are wholly insufficient. The little girl fared much better, at least insofar as the record discloses. Criminal charges were finally brought against the appellants for child abuse; they both, upon a plea of guilty, were sentenced to a year in the county jail.
The appellants argue they were denied due process of law when the circuit court signed Findings, Order of Adjudication and Decree of Disposition, as proposed by the state, without permitting the appellants to serve their proposed Findings, Order and Decree or to make objections to those proposed by the state. The circuit court, however, did vacate its judgment to allow the appellants an opportunity to file their proposed Findings, Order and Decree, and to object to those proposed by the state. Therefore, appellants were in no manner prejudiced and error, if any, was harmless.
The appellants next contend that it was error to combine the adjudicatory hearing and the dispositional hearing. The case of In Re P.L.H., 1972, 86 S.D. 564, 199 N.W.2d 587, correctly states the proper procedure to be followed:
"According to our juvenile procedure, the first hearing on a petition is an adjudicatory hearing. When the court finds the allegations of the petition are supported by a preponderance of the evidence in cases concerning neglected or dependent children, the court shall sustain the petition, and shall make an order of adjudication setting forth whether the child is neglected or dependent. In cases concerning neglected or dependent children, evidence that child abuse has occurred shall constitute prima facie evidence that such child is neglected or dependent, and such evidence shall be sufficient to support an adjudication. SDCL 26-8-22.10. After making an order of adjudication, the court shall hear evidence on the question of the proper disposition best serving the interests of the child and public. SDCL 26-8-22.11. The dispositional hearing may be continued on the motion of any interested party or on the motion of the court. SDCL 26-8-22.10 and SDCL 26-8-22.13. However, the continuation shall extend no longer than three months. SDCL 26-8-23. After the dispositional hearing, the court may enter a decree terminating all *910 parental rights of one or both parents to the child when it finds that the best interest and welfare of the child so requires. SDCL 26-8-36."
Upon commencement of the trial a stipulation was entered into by all parties agreeing to combine both such hearings. We find no error in view of the stipulation of the parties and the failure of the appellants to object at the time of hearing.
The appellants finally question the sufficiency of the evidence to sustain a finding that K.D.E. was a neglected or dependent child. The appellants point out there is nothing in the record showing any instances of abuse (of a physical nature) of K.D.E.
SDCL 26-8-6 states:
"Neglected or dependent child defined. In this chapter unless the context otherwise plainly requires `neglected or dependent child' means a child: whose parent, guardian, or custodian has abandoned him or has subjected him to mistreatment or abuse; who lacks proper parental care through the actions or omissions of the parent, guardian, or custodian; whose environment is injurious to his welfare; whose parent, guardian, or custodian fails or refuses to provide proper or necessary subsistence, education, medical care or any other care necessary for his health, guidance, or well-being; or who is homeless, without proper care, or not domiciled with his parent, guardian, or custodian through no fault of his parent, guardian, or custodian. Provided however, notwithstanding any other provision of this chapter, no child who in good faith is under treatment solely by spiritual means through prayer in accordance with the tenets and practices of a recognized church or religious denomination by a duly accredited practitioner thereof shall, for that reason alone, be considered to have been neglected within the purview of this chapter."
It is obvious that abuse is not the only ground to support a finding that a child is neglected or dependent. In a Montana case, In Re Phelps, 1965, 145 Mont. 557, 402 P.2d 593, wherein the appellants adopted a boy and a girl and severely abused the former, the court said:
"The question to be resolved in this case was whether or not the adoptive parents were fit and proper parents and since we concur with the trial judge that they are not, we concur in his actions with respect to the little girl."
We, too, are confronted with the same question and we reach the same conclusion.
We recognize that parents, natural or adoptive, have a fundamental right to their children; however, it is not an absolute, unconditional one. In Re A.N., 1972, N.D., 201 N.W.2d 118. The state as parens patriae takes a necessarily strong interest in the care and treatment of every child within its borders. Where the trial court has determined that neglect or abuse exists in regard to one child, it is within its discretion to determine the likelihood of abuse of other children in the same family. If such is likely to exist, then the court has the right to terminate any parental ties. In Re Edwards, 1972, 70 Misc.2d 858, 335 N.Y.S.2d 575; In Re Baby Boy Santos, 1972, 71 Misc.2d 789, 336 N.Y.S.2d 817. The necessity of this right is readily apparent. We cannot allow the health, safety or life of a young child to be placed back into an environment conclusively proved, as evidenced by the treatment of her brother, to be wholly unfit and improper.
Based upon the evidence the circuit court properly exercised its discretion in removing K.D.E. from the custody and control of the appellants and depriving them of all parental rights to her.
Judgment affirmed as to both cases.
All the Justices concur.
NOTES
[1] The record is not clear, but it does appear that the two children were natural brother and sister.