278 N.W.2d 452 (1979)
The PEOPLE of the State of South Dakota In the Interest of T. C., K. C., T. C., K. C., and J. C., Minor Children.
No. 12421.
Supreme Court of South Dakota.
Argued November 20, 1978.
Decided May 3, 1979.
Margaret Crew, Asst. Atty. Gen., Pierre, for respondent State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on the brief.
Jacqueline Marousek, of Mueller & Bennett, Belle Fourche, for appellant mother.
HENDERSON, Justice (on reassignment).

ACTION
This is an action involving five minor children found to be neglected and dependent pursuant to SDCL 26-8-6. This appeal is taken from an amended dispositional decree terminating appellant's parental rights. We affirm the judgment of the trial court.

FACTS
The Department of Social Services was deeply involved with appellant and her children for the two years preceding the filing of the petition on September 21, 1976.
During the six-month period of October, 1974, through March, 1975, appellant took four trips. Two of the trips were to Wyoming; each time appellant left a thirteen-year-old babysitter in charge of her five minor children.
The children were left alone when appellant took a third trip to Wyoming. The record indicates that, at this time, the house was a shambles. The children had trauma marks on their faces and were forced to call the Sturgis Police Station to request food. Appellant took one other trip during this period; she went to Montana where she left the children with her ex-husband.
*453 In May 1975, appellant surrendered her children to the Department of Social Services saying that she was "emotionally, physically and financially strapped to a point that I am not capable of properly caring for the children." The children were placed in foster homes. T. C. was returned to appellant in the fall of 1975; the other children were returned to appellant on a trial basis in the summer of 1976.
Neighbors complained to public officials about appellant's haphazard care of her children during this trial period. The children were often unattendedone child was almost struck by a motorcycle and a car. The children begged for food from neighbors. The house, according to the landlady, was always filthy. In addition, a man lived with appellantseven people thus lived in a two-bedroom trailer home with two beds.

PROCEDURAL FACTS
At the conclusion of the adjudicatory hearing on January 11, 1977, the court stated that the children were adjudicated dependent and neglected. An order of adjudication was filed July 18, 1977; an amended order of adjudication was filed August 31, 1977.
The dispositional hearing concluded on September 20, 1977. The court's memorandum decision containing its proposed findings and conclusions was sent to all the attorneys on October 11, 1977. On November 7, 1977, the court entered its findings of fact and conclusions of law and decree of disposition terminating appellant's parental rights. Appellant filed objections to the memorandum decision, findings of fact, conclusions of law, and dispositional decree on November 28, 1977; she also submitted proposed findings, conclusions, and decree. The court entered amended findings of fact and conclusions of law and an amended decree of disposition on December 6, 1977.

ISSUES/DECISION
Appellant argues that the trial court erred in filing the findings of fact, conclusions of law, and decree of disposition dated November 7, 1977, because they had not been served on her and she did not have the opportunity to object to them.[*] See SDCL 15-6-52(a).
Appellant's situation is analogous to that in In Re K. D. E., 87 S.D. 501, 210 N.W.2d 907 (1973). There the circuit court signed the state's proposed findings, order of adjudication and decree of disposition without permitting appellants to serve their proposed findings, order or decree, or to object to those proposed by the state. This Court held that any error was rendered harmless by the fact that the court subsequently vacated its judgment and allowed appellants the opportunity to file their proposals and objections.
Appellant, unlike the appellant in In Re K. D. E., supra, did not move to vacate the trial court's judgment. The trial court, however, does have an inherent power to set aside or vacate its own judgments under proper circumstances. Janssen v. Tusha, 68 S.D. 639, 5 N.W.2d 684 (1942). By allowing appellant to object and submit proposals, and by issuing the amended findings and decree, the trial court corrected the defect in this case. The procedure followed was irregular. Appellant did not indicate how the irregularity prejudiced her. Error may not be presumed on appeal and appellant has burden of showing not only error but prejudicial error. See, Alberts v. Mutual Service Casualty Insurance Co., 80 S.D. 303, 123 N.W.2d 96 (1963).
Appellant also argues that the trial court erred by signing and filing the amended findings, conclusions, and decree before they were served on her. We do not agree. SDCL 15-6-52(a) requires that proposed findings be served on all parties. After the time period for objection and additional proposals has elapsed, "the court shall make or enter such findings and conclusions as may be proper." SDCL 15-6-52(a). *454 Here, appellant, in effect, was presented with proposed findings, conclusions and decree, i. e., the original filed documents of November 7, 1977. She objected to them and submitted her proposals. At this point in the process, whether original or amended, there is no requirement in SDCL 15-6-52(a) that the court serve its final decision on the parties before signing and filing it.
Appellant next contends that the original judgment could not be amended without notice to the interested parties. She cites no authority proscribing such a practice and does not inform us as to how a lack of notice prejudiced her rights. In Doling v. Hyde County, 70 S.D. 339, 17 N.W.2d 693 (1945), we dealt with an appellant claiming error in the trial court's amendment of its findings, conclusions, and decree. The appellant in that case failed to point out any alterations that were made and their prejudicial effect. We held that in the absence of a showing to the contrary, this Court would assume that the circuit court acted within its jurisdiction. In this particular case, appellant likewise failed to point out any alterations made and supposed prejudicial effect. The record, in fact, reflects in this case that the circuit court simply restated its original findings of fact, conclusions of law and judgment.
Appellant also argues that SDCL 15-6-52(a) requires that she be served with a copy of the amended decree of disposition after it has been signed and entered. We find no such requirement in SDCL 15-6-52(a). The importance of a notice of entry of judgment is found in SDCL 15-26-2. A notice of entry of judgment gives to a party the power to set running the time after which his adversary may not appeal and assures each party that the statutory period of time within which he may appeal does not commence to run until his adversary has given such notice. Labidee v. City of Pierre, 43 S.D. 31, 177 N.W. 499 (1920). By filing her notice of appeal before receiving a notice of entry of judgment, appellant waived her right to such notice. There was, therefore, no error. Labidee v. City of Pierre, supra.
Appellant's final claim is that the evidence is insufficient to support a finding of dependency and neglect and to justify subsequent termination of parental rights. The question before this Court "is not whether it would have made the same findings the trial court did, but whether on the entire evidence it is left with a definite and firm conviction that a mistake has been committed." In re Estate of Hobelsberger, 85 S.D. 282, 181 N.W.2d 455 (1970); Cunningham v. Yankton Clinic, P.A., S.D., 262 N.W.2d 508 (1978); Schutterle v. Schutterle, S.D., 260 N.W.2d 341 (1977); The Collegian v. Hileman, S.D., 226 N.W.2d 163 (1975); and Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129. We are not convinced that a mistake has been committed.
After the Department of Social Services returned appellant's children to her on a trial basis, appellant once again began leaving the children alone. As appellant was gone from the home, the two youngest children were on a heavily trafficked street and nearly had two accidents. Neighbors prepared food for the children and gave them food when they came begging. Their home was filthyanimal leavings, dirty dishes, floors and table, and stacked-up garbage. The children were dirty and had an odor. This record discloses a history of neglect and abandonment of these five children over a period of years by the mother-appellant. The trial court was correct in terminating appellant's parental rights.
The judgment is affirmed.
All the Justices concur.
NOTES
[*] We do note that the court's memorandum decision was served on appellant on October 11, 1977. In that decision, the court set forth clearly labelled findings of fact and conclusions of law. The memorandum decision was signed, attested, and filed.