299 N.W.2d 803 (1980)
The PEOPLE of the State of South Dakota in the INTEREST OF P. M., a Child, and Concerning A. M., Mother, and R. J., Father.
No. 12615.
Supreme Court of South Dakota.
Argued September 14, 1979.
Decided December 17, 1980.
William A. Wyman, Rapid City, for appellant child.
Mary Ellen McEldowney of Black Hills Legal Services, Inc., Rapid City, for appellee mother; Dennis C. Whetzal of Black Hills Legal Services, Inc., Rapid City, on brief.
JONES, Circuit Judge.
In February 1978, an amended petition alleging that P. M., then almost seven years old, was a dependent and neglected child was filed in Pennington County. The *804 child's mother, A. M., appeared with counsel, and at the request of the State, counsel was appointed to represent the child. No appearance was made by the natural father, R. J.
From an order dismissing the petition, the child appealed. We reverse and remand for a dispositional hearing.

FACTS
In 1955, when she was ten years of age, the mother was determined to have an I.Q. of 54, was classified as mentally retarded, and was placed in the Redfield State Hospital and School (State Hospital).
In 1969, she was determined to be a fit candidate for vocational rehabilitation, and was later placed as an employee at a nursing home in Sturgis. Although her work there was satisfactory, she became pregnant and was returned to the State Hospital. Later she was sent to a nursing home in Parkston because the State Hospital had no facilities for pregnant patients.
The mother gave birth to P. M., a son, on March 1, 1971, at the Public Health Service Indian Hospital in Wagner. While at the hospital, she signed a document which (1) surrendered custody of the child to the State, (2) waived all right to his custody and control and (3) consented to his adoption.
The mother was then returned to the State Hospital. Custody of the child was taken by state caseworkers, and he was placed in a foster home in Winner on March 15, 1971, where he remained for six and one-half years.
The state child welfare workers had misgivings about the validity of the consent to adoption signed by the mother because of her mental capacity, and apparently decided not to proceed with adoption proceedings based on this consent to adoption.
On April 26, 1972, a petition was filed in Juvenile Court in Tripp County, alleging that P. M. was a dependent child because of A. M.'s status as a patient at the State Hospital, and requesting that her parental rights be terminated and that a guardian be appointed for P. M. with authorization to consent to adoption. An attorney was appointed for the mother in this action, and she was taken to Winner for a hearing on June 1, 1972. For reasons which do not appear in the record, this hearing was not held, and no further proceedings were ever scheduled in this Tripp County action.
In August 1972, the mother was released from the State Hospital, and she went to Rapid City, where she lived with her mother and was rather steadily employed as a dishwasher in cafes.
From time to time, the mother contacted lawyers about getting custody of P. M., but no changes occurred in the case until October 16, 1977, when P. M. was taken from the Winner foster home and placed in a transitional foster home in Rapid City by caseworkers for the South Dakota Department of Social Services. The reason for the move was to facilitate visitation between the mother and son, with the possibility that the mother would get custody of P. M. The Tripp County action was dismissed on motion of the State.
At the request of his social worker, P. M. was seen by a psychiatrist commencing December 1, 1977. A. M. was also evaluated. The psychiatrist was of the opinion that A. M. was moderately retarded with an I.Q. below 65, and that she was unable to adequately care for P. M.
P. M. was a normal child, but needed some special care and regular medication. The visits between A. M. and P. M. were strained at the beginning but improved somewhat as time went on. The adjudicatory hearing was held intermittently between April 6, 1978, and June 29, 1978. By June 29, P. M. had become more comfortable visiting in A. M.'s home, and was on occasion staying for overnight visits.

TRIAL COURT ACTION
At the conclusion of the adjudicatory hearing, the mother moved for dismissal of the amended petition under SDCL 15-6-41(b) on the grounds that her consent to adoption was obtained under duress and *805 was therefore involuntary, and that, because she had never had custody of the child, he could not be adjudicated a dependent and neglected child.
The trial court found that the consent to adoption was signed by A. M. under duress and was therefore involuntary; that A. M. was presently fit to have the care, custody and control of P. M.; that the father had abandoned P. M. and that his rights should therefore be terminated; and that the amended petition should be dismissed. Findings of fact and conclusions of law were entered as required by SDCL 15-6-41(b).
Both the State and P. M. initially appealed, but the State thereafter dismissed its appeal. No appeal was taken from that part of the order terminating the parental rights of the father.

SCOPE OF REVIEW
In reviewing the trial court's decision, we are bound by the rule of law that findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. SDCL 15-6-52(a). The decision can be reversed only when this Court, after a review of all the evidence, is left with a definite and firm conviction that a mistake has been committed by the trial court. Matter of J.M.V.D., 285 N.W.2d 853 (S.D.1979); People In Interest of T.C., etc., 278 N.W.2d 452 (S.D.1979); Matter of V.D.D., 278 N.W.2d 194 (S.D.1979).

VENUE
Appellant contends that the Pennington County court did not have jurisdiction, (1) because the State should not have removed P. M. from the Tripp County foster home without a due process hearing in the pending Tripp County action to determine if the move was in his best interest, and (2) because the Tripp County action should not have been dismissed without a due process hearing at which P. M. was individually represented by counsel.
We find no basis in either our statutes or prior holdings for the position that a due process hearing is required before the State as legal custodian may move a child from one foster home to another in dependency cases. We hold that a hearing is not required before moving a child from one foster home to another.
Venue in dependency cases is governed by the provisions of SDCL 26-7-1.1.[1] In view of the fact that P. M. was moved to a foster home in Pennington County, we find no error in permitting the State to dismiss the Tripp County action and commence a new action in Pennington County.

CONSENT TO ADOPTION
Appellant contends that the trial court erred in finding that the consent to adoption signed by A. M. on March 15, 1971, was obtained under duress and was therefore involuntary. State officials had viewed this consent as suspect from the beginning, and were unwilling to ever proceed in reliance upon it, primarily because of A. M.'s mental capacity. Without detailing the circumstances surrounding the execution of the consent to adoption, there was evidence in the record to support the trial court's finding, and it is not clearly erroneous. SDCL 26-8-54; Matter of J.M.V.D., supra.

ADJUDICATORY ISSUES
Hearings on petitions alleging that a child is a neglected or dependent child as defined by SDCL 26-8-6 are by statute bifurcated. In Re P.L.H., 86 S.D. 564, 199 N.W.2d 587 (1972); People in Interest of K.S., 515 P.2d 130 (Colo.App.1973).
The first hearing is an adjudicatory hearing, at which petitioner has the burden of *806 proving by a preponderance of the evidence that the child before the court is a neglected or dependent child as defined by SDCL 26-8-6.[2] If this is not proven, then the petition is dismissed and the child and his parents, guardian or other custodian is discharged from any restriction or other previous temporary order. SDCL 26-8-22.9. If the allegations of the petition are supported by a preponderance of the evidence, then findings of fact and conclusions of law supporting an order of adjudication must be entered and a dispositional hearing held. SDCL 26-8-22.10.
The issue at a dispositional hearing is the question of the proper disposition best serving the interests of the child and the public. SDCL 26-8-22.11.
In general, the adjudicatory hearing looks to the past, while the primary focus of the dispositional hearing is the future.
There are some cases where the distinction between the adjudicatory hearing and the dispositional hearing is relatively unimportant, and it is proper in those cases for the parties, with the consent of the court, to stipulate to combine the two hearings. In re K.D.E., 87 S.D. 501, 210 N.W.2d 907 (1973). The most common illustration of this would be cases of alleged aggravated child abuse, where the same evidence would be admissible in both hearings.
In most cases, the distinctions between adjudicatory and dispositional hearings are important, and a failure to keep those distinctions in mind can cause the wrong issues to be litigated in the adjudicatory hearing. This case is such an example. No criticism is intended of either the trial court or counsel, because the unusual fact situation led naturally to the problem. The amended petition alleged, among other things, that "A. M. was and presently is unable to attend to the needs of P. M." As a result, the primary issue tried at the adjudicatory hearing was whether or not A. M. was a fit person to have custody of P. M., rather than the proper issue of whether P. M. was a neglected or dependent child under SDCL 26-8-6.

NEGLECTED OR DEPENDENT CHILD[3]
SDCL 26-8-6 provides in part:[4]
In this chapter unless the context otherwise plainly requires "neglected or dependent child" means a child:
(1) Whose parent, guardian, or custodian has abandoned him or has subjected him to mistreatment or abuse;
(2) Who lacks proper parental care through the actions or omissions of the parent, guardian, or custodian;
(3) Whose environment is injurious to his welfare;
(4) Whose parent, guardian, or custodian fails or refuses to provide proper or necessary subsistence, education, medical care or any other care necessary for his health, guidance, or well-being; or
(5) Who is homeless, without proper care, or not domiciled with his parent, guardian, or custodian through no fault of his parent, guardian or custodian.
The evidence in this case establishes that A. M., as a patient at the State Hospital could not keep the child with her at the hospital. No other family members came forward to care for the child. The State caseworkers properly placed the child in a foster home. Thereafter, the child had no permanent home and was not domiciled *807 with his mother through no fault of hers. This condition continued to the time of the adjudicatory hearing. We hold that these facts caused P. M. to be a dependent child within the meaning of SDCL 26-8-6(5). The trial court erred in granting the motion to dismiss the petition.

REMAND
Our ruling requires that this case be remanded to the trial court for a dispositional hearing, pursuant to SDCL 26-8-22.10 and 26-8-22.11.
At the dispositional hearing, the trial court should balance the fundamental rights of the mother with the best interests of the child and the public. Matter of B.E., 287 N.W.2d 91 (S.D.1979); Matter of J.M.A, 286 N.W.2d 324 (S.D.1979); Matter of N.J.W., 273 N.W.2d 134 (S.D.1978).
We express no opinion whatever as to the disposition that should ultimately be made in this case. In making its decision, the trial court should consider all the evidence presented at the dispositional hearing, as well as the evidence on dispositional issues which was presented at the adjudicatory hearing. This would include evidence of the care given P. M. by A. M. for the period that she has been caring for him since the amended petition was dismissed by the trial court. In Matter of T.M.T., 273 N.W.2d 199 (S.D.1979).
The order of the trial court dismissing the amended petition is reversed, and the matter is remanded to the trial court for a dispositional hearing.
All the Justices concur.
JONES, Circuit Judge, sitting for HENDERSON, J., disqualified.
NOTES
[1] SDCL 26-7-1.1 provides in part:

Proceedings in cases brought under the provisions of chapter 26-8 shall be commenced in the county in which the child resides or is present, or in which an alleged violation of law, ordinance, or court order took place.
[2] Procedure in adjudicatory hearings must be in accordance with the law and rules of civil procedure, while dispositional hearings may be less formal. SDCL 26-8-30. Also, see SDCL 26-8-32.5 for evidence that may be admitted in adjudicatory hearings.
[3] In general usage, the words "neglected" and "dependent" have different meanings, and are separately defined in some state statutes. However, our South Dakota statute, SDCL 26-8-6, treats them as synonymous, and this seemed to create some confusion in the trial proceedings.
[4] Taken from the law of Colorado, Colo.Rev. Stat. § 19-1-103(20). Similar language is used in the Ohio law defining "neglected child," Ohio Rev.Code Ann. § 2151.03, and in defining "dependent child," Ohio Rev.Code Ann. § 2151.04.