545 A.2d 522 (1988)
In re L.T., Juvenile.
No. 86-542.
Supreme Court of Vermont.
March 18, 1988.
Jeffrey L. Amestoy, Atty. Gen., Montpelier, Michael O. Duane, Asst. Atty. Gen., and Barbara L. Crippen, Law Clerk (on the brief), Waterbury, for plaintiff-appellee.
Martin and Paolini, Barre, for defendant-appellant.
Before PECK, GIBSON, DOOLEY and MAHADY, JJ., and BARNEY, C.J. (Ret.), Specially Assigned.
PECK, Justice.
This is an appeal by the mother of L.T. from a disposition order transferring legal custody of L.T. to the Commissioner of the Department of Social and Rehabilitation Services (SRS). Appellant does not contest the transfer of custody, but challenges the case plan adopted in the disposition order as making inadequate provisions for L.T.'s eventual reunification with her. We affirm.
In October of 1985, L.T., a twelve-year-old boy, came into the custody of SRS on an emergency basis. At the time of the emergency hearing, appellant's whereabouts were unknown, and the court found that the boy's natural father had not been in contact with him for nearly 10 years. Appellant had left L.T. in the care of his *523 maternal uncle in November of 1983, when she left the state. After some moves between New York and Vermont, appellant hitchhiked to Wisconsin, where she remains.
Sometime in 1985, the uncle left home and the boy went to live with his grandmother. Unfortunately, the grandmother was a chronic alcoholic, and unable to care for him. Consequently, a child in need of care and supervision (CHINS) petition concerning L.T. was filed on October 30, 1985.
Appellant was subsequently located and notified of the CHINS proceeding. The hearing was delayed so she could be present, and on August 19, 1986, L.T. was adjudicated a CHINS. A disposition hearing was held on September 30, 1986, and, although it had been continued so appellant could be present, she failed to appear. Appellant requested through her counsel, however, that L.T. be placed by SRS in a residential treatment program close to her home in Wisconsin, or that custody be transferred to an appropriate state agency in Wisconsin.
The court transferred legal custody of L.T. to SRS and approved the latter's case plan. The court noted in its findings that the case plan called for a gradual reunification of appellant with her son, as she attends counseling and stabilizes her living situation. The court also found that, at the time of disposition, appellant had not controlled her alcohol problem, and there was no evidence that she could provide a stable home environment. Although the court found that Wisconsin has programs similar to the one L.T. was to be placed with in Vermont, it also found that L.T. would not have the additional support available to him in Vermont from friends, social worker, therapist and foster parent, all of whom he perceives as having a long-term commitment to him.
On appeal, the mother argues that the SRS case plan violates her right as a parent not to be unnecessarily separated from her child. Because L.T. will be living so far away from her, she contends that the goal of reunification is bound to fail. She requests that this Court reverse the disposition order, and require that a new case plan be prepared that would specifically address the steps required to achieve the goals of reunification.
This Court has held that while the state, pursuant to its parens patriae power, has a duty to remove children from parents who are unfit, parents and children also have an important right to be free to relate to one another without governmental intrusion. In re N.H., 135 Vt. 230, 236, 373 A.2d 851, 855 (1977). The Juvenile Procedure Act codified this need to balance the state's obligation to insure the proper care and treatment of children with the preservation of the family unit. 33 V.S.A. § 631(a) provides, in pertinent part, that the purpose of the Juvenile Procedure Act is:
(1) to provide for the care, protection and wholesome moral, mental and physical development of children coming within the provisions of this chapter;
. . . .
(3) to achieve the foregoing purposes, whenever possible, in a family environment, separating the child from his parents only when necessary for his welfare or in the interests of public safety. . . .
Nevertheless, this Court has recognized the substantial discretion afforded the trial court in balancing the interests as required by 33 V.S.A. § 631. In re R.S., 143 Vt. 565, 572, 469 A.2d 751, 755 (1983). We have held that the "`juvenile court is not free to weigh and compare the merits of various possible solutions free of any regard for compelling parental rights,' . . . [however,] the court has `substantial leeway in framing a disposition order that will serve the purposes of the statute.'" Id. (quoting In re N.H., 135 Vt. at 237, 373 A.2d at 856).
Absent an abuse of discretion the findings and disposition order of the juvenile court must stand. See In re L.R.R., 143 Vt. 560, 562, 469 A.2d 1173, 1175 (1983). In this case we find that it was not an abuse of discretion for the trial court to adopt SRS's case plan. The plan stated that the ultimate goal was to reunify L.T. with his mother. The plan also set out specific goals for the mother to work towards *524 in order to make her future reunification with L.T. possible. These included establishing a stable living situation, addressing her substance abuse problem, attending parenting training, and working to improve her relationship with L.T. through regular correspondence.
Appellant argues that the case plan is not sufficiently precise as to the steps she must take in order to guarantee her reunification with her son. We do not find the specificity appellant would require, however, to be consistent with the statutory requirement that the disposition be "suited to the protection and physical, mental and moral welfare of the child."[*] 33 V.S.A. § 656. A case plan must have flexibility. The best interest of the child in any particular situation can not be insured by case plans made in such detail that SRS is locked in to a particular course of action. SRS, as legal custodian, must have the freedom to determine the appropriate placement of the juvenile, and to make adaptations in the case plan as changing circumstances require. See In re G.F., 142 Vt. 273, 280-81, 455 A.2d 805, 809 (1982); 33 V.S.A. § 632(a).
We note that the appellant's interest in a reunification is adequately protected by 33 V.S.A. §§ 658 and 659, which provide for a regular review of the disposition by the juvenile court, and would allow appellant to request modification of the original disposition order. The regular review requires a redetermination, in part, of whether custody of the child should be returned to his parents or be otherwise changed. 33 V.S.A. § 658(d). During the review, and at a modification hearing, appellant may present evidence that she has complied with the recommendations of the case plan, and she may request that steps be taken to expedite her reunification with L.T.
The juvenile court may reject a case plan prepared by SRS if it finds that its recommendations are not in the best interest of the child, and not prohibited by statute. See In re B.L., 149 Vt. ___, ___, 543 A.2d 265, 266 (1988). In this case the juvenile court did not abuse its discretion by adopting the case plan presented by SRS. See In re G.F., 142 Vt. at 281, 455 A.2d at 809.
Affirmed.
NOTES
[*] Appellant also argues that federal law demands that the family unit be preserved. See 42 U.S.C. § 671. However, since we find no difference between the federal requirements and those of Vermont's juvenile law, we do not reach the question of the legal effect of the federal law.