LeRoy A. Perkins, APPELLEE, v. Mildred I. Perkins, APPELLANT.

231 N. W. 2d 133

Filed June 26, 1975. No. 39861.

Padley & Dudden, for appellant.

No appearance for appellee.

Joseph A. Shaughnessy, guardian ad litem.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This is an action for dissolution of a marriage. The

trial court dissolved the marriage, divided the property of the parties, terminated the parental rights of the parties to their children, and committed the children to the State Department of Public Welfare for the purposes of adoption. The respondent wife has appealed and contends the court erred in terminating her parental rights and not awarding custody of the children to her.

The parties were married on October 4, 1961. They have three children, Leroy, age 11; Charlotte, age 10; and Robert, age 7. The parties separated when the petitioner husband discovered the respondent had been entertaining a male friend in the home when he was at work. The respondent has been living with this man since the separation, and has had an illegitimate child. The evidence further shows both neglect and mistreatment of the children by the respondent when they were in her custody.

The petitioner has been living with an 18-year-old girl who is now pregnant with his child. He failed to support the children when they were in the custody of the respondent and he did not require them to attend school when they were in his custody.

A guardian ad litem for the children was appointed at the request of the county attorney who alleged the children had not been attending school.

The finding by the trial court that both parents were unfit to have custody of the children is fully supported by the record. It is unnecessary to further summarize the evidence in that regard.

The finding that the parental rights of the parties should be terminated was not responsive to any issue in the pleadings. The termination of parental rights was not an issue properly before the court for determination at that time. It is an issue separate and apart from the award of custody usually made in a proceeding for dissolution of a marriage which is subject to modification from time to time. § 42-364, R. R. S. 1943.

Parents are entitled to notice and hearing with re-

gard to termination of parental rights. See, § 43-209, R. R. S. 1943; Morimoto v. Nebraska Children's Home Society, 176 Neb. 403, 126 N. W. 2d 184. The finding made in this case, where there had been no allegation or claim by anyone that parental rights should be terminated, was erroneous.

The judgment of the District Court is modified by deleting that portion of the judgment terminating the parental rights of the parties. The judgment as modified is affirmed. The costs in this court are taxed to the appellant. The guardian ad litem is allowed $500 for his services in this court.

AFFIRMED AS MODIFIED.