IN RE INTERESTS OF SHAWNTAYE WAREZ WILLIAMS AND LEANN WILLIAMS, CHILDREN UNDER THE AGE OF 18 YEARS. STATE OF NEBRASKA, APPELLEE, V. SUSIE WILLIAMS, APPELLANT, IMPLEADED WITH LARRY GORDON AND BUCK WALLACE, APPELLEES.

263 N. W. 2d 90

Filed March 1, 1978. No. 41225.

Michael C. Washburn of Leahy, Washburn & Render, for appellant.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky, for appellee State.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

Susie Williams has appealed from a judgment of the Separate Juvenile Court of Douglas County terminating her parental rights with respect to her two minor children, Leann Williams and Shawntaye Warez Williams. The sole issue on appeal is whether the Separate Juvenile Court had power to terminate her parental rights.

On March 14, 1975, a petition was filed in juvenile court alleging that Shawntaye, age 2, and Leann, 7 months, born to the appellant Susie Williams out of wedlock, were without proper support through no fault of their parents; that the children had been substantially, continuously, and repeatedly neglected; and that Susie Williams was an unfit mother. The petition prayed that after notice and hearing the court make such orders as to the care, custody, and control of the children as might be appropriate, and that the parental rights be terminated. The minor children were placed in the temporary custody of the welfare department, counsel was appointed for the appellant, Susie Williams, and a guardian ad litem was appointed for the children.

Detention hearings were held on April 7, 1975, and April 14, 1975, and the court ordered the children placed in the temporary custody of the Douglas County social services, and set an adjudication hearing for June 11, 1975.

At the adjudication hearing on June 11, 1975, by stipulation of the parties, the counts of the petition alleging repeated neglect and that Susie Williams was an unfit parent were dismissed on motion by the county attorney; and Susie Williams stipulated to the truth of the allegations as to the parentage of her children and her inability, through no fault of her own, to support them.

The Separate Juvenile Court found that the minor

children were dependent children within the meaning of section 43-202 (1), R. R. S. 1943; ordered the children to remain in the custody of Douglas County social services; and set the matter for disposition within 90 days. At the close of the hearing the court advised Susie Williams that she might be required to take specific action in order to retain her parental rights, and that a failure to carry out the orders of the court at any time might require the termination of those rights and the placement of the children for adoption.

On August 6, 1975, a further hearing was held. The court ordered the appellant to participate in a specific rehabilitative plan, which included regular visits by the appellant to her children. Custody was retained in the Douglas County social services and the court again advised the appellant that her parental rights were subject to termination. The cause was continued for review in 6 months.

On February 9, 1976, another hearing was held. Reports to the court indicated that appellant's visits to her children had been irregular; that she had not found employment; and that she had not entered into additional programs as contemplated. The court at this time terminated the parental rights of the natural fathers of the appellant's two children but determined that appellant's parental rights should not be terminated at that time. The court continued the rehabilitative plan for the appellant, and ordered a further review in 4 months.

On July 6, 1976, a further hearing was had in the juvenile court. The court found that the appellant had failed to comply with the previous orders of the court and that it was in the best interests of the children that the parental rights of the appellant be terminated. The court then ordered the parental rights of Susie Williams terminated and ordered the minor children retained in the custody of Douglas County

social services pending adoptive placement investigation.

On this appeal Susie Williams does not challenge any of the factual findings of the juvenile court. She asserts only that at the adjudication hearing on June 11, 1975, when the stipulation was filed for dismissal of counts charging her with repeated neglect and unfit parenthood, the stipulation erroneously omitted an intended request that the prayer for termination of parental rights be deleted. The assertion is supported by an affidavit to that effect executed by the attorneys involved. The appellant contends that the agreement of counsel to strike the prayer for termination of her parental rights precluded the juvenile court from thereafter terminating her parental rights without the filing of supplemental or additional pleadings or motions. We disagree.

Section 43-209, R. S. Supp., 1976, provides in part: "Facts may also be set forth in the original petition, a supplemental petition, or motion filed with the court alleging that grounds exist for the termination of parental rights. After a petition, a supplemental petition, or motion has been filed, the court shall cause to be endorsed on the summons and notice that the proceeding is one to terminate parental rights, shall set the time and place for the hearing, and shall cause summons and notice, with a copy of the petition, supplemental petition, or motion attached, to be given in the same manner as required in other cases before the juvenile court." Those provisions of the statute were fully complied with in the proceeding involved here at the time it was originally commenced.

Section 43-209, R. S. Supp., 1976, also provides that "the jurisdiction of the court shall continue over any child brought before the court, or committed under the provisions of this act, and the court shall have power to order a change in the custody or care of such child, if at any time it is made to appear to the

court that it would be for the best interests of the child to make such change."

It is clear that in a proceeding in juvenile court to declare children to be neglected or dependent children when the jurisdiction of the court to terminate parental rights has been properly invoked and appropriate service of summons has been had, the jurisdiction of the court to terminate parental rights continues until the matter is finally determined.

The record in this case establishes that the jurisdiction of the court was properly invoked, both to declare the children neglected or dependent children and to terminate the parental rights of the appellant. Summons and notice were properly given and there was adequate notice of each hearing. The appellant was represented by counsel throughout the proceedings and there is no question that appellant had adequate notice and full and fair hearings. See Perkins v. Perkins, 194 Neb. 201, 231 N. W. 2d 133.

The evidence in this case establishes beyond question that the best interests of the children require that the parental rights of the appellant be terminated. The orders and judgment of the Separate Juvenile Court of Douglas County were in all respects proper and the judgment is affirmed.

AFFIRMED.