IN RE INTEREST OF RODERICK JONES, A CHILD UNDER 18 YEARS
OF AGE.
STATE OF NEBRASKA, APPELLEE, V. RODERICK JONES,
APPELLANT.
432 N.W.2d 46

Filed November 23, 1988.    No. 88-345.

Dennis R. Keefe, Lancaster County Public Defender, and Craig L. Nelson for appellant.

Robert M. Spire, Attorney General, Royce N. Harper, and Melanie Whittamore for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a disposition of the separate juvenile court of Lancaster County of Roderick Jones, a child under 18 years of age, on a petition alleging sexual penetration of another in violation of Neb. Rev. Stat. § 28-319(1)(a) and (b) (Reissue 1985).

On March 2, 1988, a petition was filed in the juvenile court of Lancaster County charging that Jones

> on or between the 1st day of July, 1987, and the 7th day of September, 1987 . . . did subject [T.G.] to sexual penetration and overcame [T.G.] by force, threat of force,

expressed or implied, coercion or deception or did subject [T.G.] to sexual penetration and knew or should have known that [T.G.] was mentally or physically incapable of resisting or appraising the nature of her conduct, in violation of the provisions of Neb. Rev. Stat. Section 28-319 (1) (a) (b) . . . .

Jones entered a plea of no contest to the charge made in the petition at an adjudication hearing on March 23, 1988. Evidence was introduced showing that Jones did sexually penetrate T.G. and that Jones was approximately 16 years of age and T.G. was approximately 10 years of age when the incident set forth in the petition occurred.

The juvenile court accepted Jones' no contest plea, adjudicated him to be a child as defined by Neb. Rev. Stat. § 43-247(2) (Cum. Supp. 1986), and ordered that a predisposition investigation be completed, as well as ordering the juvenile probation officer to attempt to obtain an evaluation of Jones at the Child Guidance Center for inclusion in the predisposition report.

The evaluation recommended that Jones be placed on probation and be allowed to remain in the home of his mother and stepfather. Jones would be required to participate in the adolescent offenders group counseling program at the Child Guidance Center.

On April 15, 1988, the juvenile court found that Jones had attained the age of 12 years or more and should be committed to the custody of the Department of Correctional Services, State of Nebraska, for placement at the Youth Development Center in Kearney, Nebraska, there to remain until duly paroled or discharged. The court, in determining Jones' sentence, took into consideration the tender years of the victim, her resulting pregnancy, Jones' average intelligence and lack of any mental disability, Jones' knowledge of sex, the seriousness of the offense under the law, and that any lesser sentence would tend to depreciate the seriousness of the crime.

Jones filed a notice of appeal and motion to suspend execution of disposition on April 19, 1988. The motion to suspend execution was overruled on April 21, 1988.

Jones assigns three errors, which can be consolidated as

follows: The juvenile court erred by imposing a disposition which was excessive, and as such an abuse of discretion, and by abusing its discretion in overruling Jones' motion to suspend execution of the disposition pending appeal.

Treating both assignments together, we note the applicable standard of review is as follows:

"An appeal of a juvenile proceeding to this court is heard de novo upon the record; and the findings of fact by the trial court will be accorded great weight because the trial court heard and observed the parties and witnesses. Also, the trial court's findings will not be set aside on appeal unless they are against the weight of the evidence or there is a clear abuse of discretion."

*In re Interest of Biesecker*, 214 Neb. 425, 429, 333 N.W.2d 923, 925-26 (1983).

"[A] juvenile court has broad discretion as to the disposition of a child found to be delinquent." The juvenile judge has broad discretion under Neb. Rev. Stat. § 43-286 (Reissue 1984), the disposition statute. Section 43-286(1)(c) provides that a juvenile adjudicated to be a juvenile described in § 43-247 . . . (2) . . . may be placed in an institution.

*In re Interest of J.M.*, 223 Neb. 609, 613-14, 391 N.W.2d 146, 150 (1986).

We cannot find that the disposition or overruling of Jones' motion to suspend execution of disposition pending appeal was erroneous. The juvenile court adjudicated Jones as a child within the meaning of § 43-247(2). Jones' commitment to the Youth Development Center in Kearney is a disposition specifically authorized by statute. See Neb. Rev. Stat. § 43-286(2) (Supp. 1987). The record reveals no abuse of discretion on the part of the juvenile court in overruling Jones' motion to suspend execution of disposition pending appeal.

Accordingly, the judgment of the juvenile court is affirmed.

AFFIRMED.