IN RE INTEREST OF J.A., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. J.A., APPELLANT.

510 N.W.2d 68

Filed January 14, 1994.   No. S-93-165.

Steven M. Delaney, of Hascall, Jungers, Garvey & Delaney, for appellant.

Michael D. Wellman, Sarpy County Attorney, and Mary Margaret Zerse Stevens for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

WHITE, J.

J.A., a minor female, appeals an order of the juvenile court committing her to the Youth Development Center in Geneva, Nebraska. We affirm.

On June 25, 1992, the Sarpy County Attorney filed a petition in the juvenile court alleging that appellant had committed two misdemeanors: obstructing a police officer (count I) and disturbing the peace (count II). At the arraignment, appellant denied the allegations of the petition.

One month later, the county attorney filed an amended petition, adding a second allegation of disturbing the peace (count III). At the hearing, the court dismissed counts I and II on the motion of the county attorney. Appellant then admitted the allegations of count III, and the court accepted the admission. The court found that appellant was a juvenile as described in Neb. Rev. Stat. § 43-247(1) (Reissue 1988) and ordered her to attend a 30-day evaluation at the Youth Development Center-Geneva (Geneva). Finally, the court continued the matter for a disposition hearing following the 30-day evaluation.

From September 1992 through January 1993, the court held disposition hearings approximately once per month. After each hearing, the court issued an order continuing the matter for further disposition. After the October hearing, the court order not only continued the matter for further disposition, but also imposed certain terms and conditions upon appellant. Two such conditions are relevant here. First, appellant was ordered not to violate any laws or municipal ordinances, and second, appellant was ordered to abstain from consuming alcohol and from using controlled substances.

On January 19, 1993, the county attorney filed a motion to review appellant's disposition. The motion alleged that appellant had been arrested after fighting with her mother, that she had been drinking alcohol and sniffing paint, and that she

had been found with a blood alcohol content of .05.

On January 21, at the hearing to review appellant's disposition, appellant admitted the allegations in the motion. After hearing testimony regarding possible placements for appellant, the court took the matter under advisement. Four days later, the court issued an order committing appellant to Geneva. Appellant appeals from that order.

Before addressing the merits of this appeal, we first consider the timeliness of the appeal. Timeliness of an appeal is a jurisdictional necessity and may be raised by an appellate court sua sponte. See, *Anderson v. HMO Nebraska, ante* p. 237, 505 N.W.2d 700 (1993) (subject matter jurisdiction may be raised by a court sua sponte); *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985) (appellate court has no jurisdiction if time limit is not met).

The record before us contains the following: (1) the juvenile court's order, dated January 25, 1993, committing appellant to Geneva; (2) the juvenile court's journal entry, dated January 27, 1993, which entry reads "Finds and Order and Mittimus signed by Judge Norton on January 25, 1993"; and (3) a notice of appeal filed February 25, 1993.

A notice of appeal must be filed "within thirty days after the rendition of [a] judgment or decree or the making of [a] final order." Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992). To determine whether the present appeal was timely filed, we must first determine the date on which the time for filing an appeal began to run. If the time for filing an appeal began to run on January 25, the date of the order, then this appeal is barred; if the time for filing an appeal began to run on January 27, the date of the journal entry, then this appeal can be heard.

With respect to final orders, this court has never explicitly stated when the time for filing an appeal begins to run. Nevertheless, we believe that the answer is implicit within our statutes and case law: When an appeal is taken from a final order, the time for appeal begins to run when the order is entered on the journal of the court.

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action." Neb. Rev. Stat. § 25-1318 (Reissue 1989). Orders

which are not announced in open court are not formalized until they have been entered on the journal. Cf. *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992). The journal of the trial court is the official record of the judgments and orders of that court. Accord *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 119 N.W.2d 509 (1963). A notice of appeal, therefore, must be filed within 30 days of the date the order was entered on the journal of the trial court.

We note that this rule is in harmony with the rules concerning rendition of judgment. Rendition of judgment occurs when the court makes an oral pronouncement and accompanies that pronouncement with a notation on the trial docket. Neb. Rev. Stat. § 25-1301 (Reissue 1989). Failing a notation on the trial docket, a judgment is rendered when some written notation of the judgment is filed in the records of the court. *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984).

In the instant case, no showing having been made that an oral pronouncement was made in open court and noted on the trial docket, the order was first made a part of the record when it was entered on the journal on January 27, 1993. On January 27, therefore, the time for filing an appeal began to run. The notice of appeal was filed on February 25, 29 days after the journal entry. We conclude that the present appeal was timely filed.

Appellant claims that the juvenile court erred in committing her to Geneva without explicitly providing reasons for her commitment. Appellant asserts that the court was required to articulate such reasons. Appellant derives this requirement from the language of Neb. Rev. Stat. § 43-286(4)(f) (Cum. Supp. 1992) and from our decision in *In re Interest of A.M.H.*, 233 Neb. 610, 447 N.W.2d 40 (1989).

We first address appellant's claim as it relates to § 43-286(4)(f). Appellant contends that the juvenile court violated § 43-286(4)(f) by committing her to Geneva without articulating any reason why she should be so committed. We disagree.

In essence, appellant contends that § 43-286(4)(f) applies to the facts of her case. Statutory interpretation is a matter of law

in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *School Dist. of Waterloo v. Hutchinson, ante* p. 665, 508 N.W.2d 832 (1993); *Metropolitan Life Ins. Co. v. Kissinger Farms, ante* p. 620, 508 N.W.2d 568 (1993). An appellate court reviews juvenile proceedings

> de novo on the record and is thus required to reach a conclusion independent of the juvenile court's findings; provided, however, that where the evidence conflicts, [an appellate] court considers and may give weight to the juvenile court's observation of the witnesses and acceptance of one version of facts over another.

*In re Interest of R.G.*, 238 Neb. 405, 424, 470 N.W.2d 780, 793 (1991). See *In re Interest of Jones*, 230 Neb. 462, 432 N.W.2d 46 (1988).

Section 43-286 applies when a child is adjudicated to be a juvenile as described in § 43-247(1), (2), (3)(b), or (4). The juvenile court found that appellant was a juvenile as described in § 43-247(1): a juvenile who has committed a misdemeanor or violated a city ordinance other than a traffic offense. This finding was based on appellant's admission that she had committed the misdemeanor offense of disturbing the peace.

Under § 43-286, a juvenile court has broad discretion as to the disposition of a delinquent juvenile. *In re Interest of Jones, supra*; *In re Interest of J.M.*, 223 Neb. 609, 391 N.W.2d 146 (1986). Specifically, § 43-286 provides that a juvenile court may continue the dispositional portion of the juvenile's hearing from time to time under such terms and conditions as the court may prescribe, may place the juvenile on probation, or may place the juvenile in a family home or institution. § 43-286(1). A juvenile court may also commit a juvenile to Geneva. § 43-286(2).

Under § 43-286(4), a juvenile court also has the power to change the juvenile's disposition. Section 43-286(4) provides, in relevant part:

> When a juvenile is placed on probation or under the supervision of the court . . . and it is alleged that the juvenile has violated a term of probation or supervision or

that the juvenile has violated an order of the court, a motion to revoke probation or supervision or to change the disposition may be filed and proceedings held as follows:

. . . .

(f) *In cases when the court revokes probation*, it shall enter a written statement as to the evidence relied on and the reasons for revocation.

(Emphasis supplied.) In other words, subsection (4) outlines the procedures which must be followed when a court revokes probation, revokes supervision, or otherwise changes the juvenile's disposition. Subsection (4)(f) describes more particularly the procedures which must be followed when a court revokes probation.

In the instant case, the juvenile court continued the dispositional portion of appellant's hearing several times. At one point, as described above, the court imposed terms and conditions upon appellant. When appellant violated one of the terms set forth by the court, the court ordered her committed to Geneva. The court indisputably possessed the statutory authority, under § 43-286, to take each of these actions.

Appellant contends that although the court had the power to act as it did, the court was required, by virtue of § 43-286(4)(f), to give a reason why she should be committed to Geneva. This contention is without merit. Section 43-286(4)(f), by its terms, applies only when a juvenile court revokes probation. The court never placed appellant on probation. The court therefore had no obligation, under § 43-286(4)(f), to provide reasons on the record for committing her to Geneva.

We next address appellant's claim as it relates to *In re Interest of A.M.H.*, 233 Neb. 610, 447 N.W.2d 40 (1989). Appellant contends that *In re Interest of A.M.H.* requires the juvenile court to provide reasons for committing a juvenile to Geneva. We disagree.

In *In re Interest of A.M.H.*, the juvenile court committed a delinquent child to Geneva. We reversed. We held that a child could not be committed to Geneva for the sole offense of driving without a license. We found no evidence in the record which would explain the commitment. Specifically, the bill of

exceptions did not establish the reasons for the commitment because all of the hearings, with the exception of the arraignment, had been held off the record. In addition to the lack of evidence, the court orders in the transcript did not establish the reasons for the commitment because the court had made no factual findings beyond classifying the child as a juvenile within the court's jurisdiction. Nowhere in *In re Interest of A.M.H.* did we require the juvenile court to articulate its reasons for committing the child to Geneva.

In committing appellant to Geneva without specifically articulating the reasons for the commitment, the juvenile court did not violate § 43-286(4)(f) and did not run afoul of *In re Interest of A.M.H.* We therefore affirm the decision of the juvenile court.

AFFIRMED.