Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
The People of the State of South Dakota,
IN THE INTEREST OF Y.C.,
Minor Child, and concerning L.S. and V.C.
South Dakota Supreme Court
Appeal from the First Judicial Circuit, Lincoln County, SD
Hon. Richard Bogue, Judge
#20246 -- Reversed
Scott A. Abdallah, Lincoln County State's Attorney, Canton, SD
Attorney for Petitioner and Appellant State of South Dakota.
Terry G. Westergaard, May, Johnson, Doyle & Becker, Sioux Falls, SD
Attorney for Respondent and Appellee Y.C.
Intermediate Appeal Oct 27, 1997; Opinion Filed Nov 3, 1997
KONENKAMP, Justice.
[Â¶1] After conducting a juvenile transfer hearing and taking the decision under advisement, the circuit court "committed" the child for examination and successful completion of treatment at the Human Services Center. May a court place a child in a mental health treatment program before deciding whether to transfer the case to adult court? Our juvenile laws empower courts to order interim evaluations and medical care, but they are not authorized to place children in dispositional mental health programs pending a transfer decision. We reverse and remand with instructions to the circuit court to decide the transfer issue after the child completes the court-ordered evaluation.
FACTS 
[Â¶2] On July 28, 1997, the Lincoln County States Attorney filed a juvenile petition charging Y.C., age fifteen, with first degree robbery and commission of a felony while armed with a firearm. The child was alleged to have used a .357 magnum pistol to obtain cash from a bank teller at the First American Bank in Worthing, South Dakota. After the State moved to transfer the case to adult court, the circuit court held hearings on the motion beginning on August 29, 1997. Dr. Vail Williams conducted a court-approved evaluation of the child and later testified on September 15, 1997.
[Â¶3] At the close of the hearing, the court announced it would take the transfer motion under advisement. It then issued an "Order for Commitment to the Human Services Center" for "examination and treatment in the appropriate program until the child successfully completes the program." Upon discharge the child was to return to court "for further disposition" and the parents were to participate in "any aftercare program that is developed." We granted the State's request for an intermediate appeal and expedited these proceedings to answer the question whether a circuit court may commit a juvenile for dispositional type treatment before ruling on a pending motion to transfer.
STANDARD OF REVIEW 
[Â¶4] In reviewing court orders in a juvenile proceeding, we consider whether the trial court abused its discretion or otherwise committed an error of law requiring reversal. Matter of J.M., 1996 SD 42, Â¶14, 546 NW2d 383, 386; In re Jones, 432 NW2d 46, 48 (Neb 1988); Walker v. State, 548 A2d 492, 493-94 (DelSuperCt 1987), aff'd 547 A2d 131 (Del 1988); Matter of Welfare of J.A.J., 545 NW2d 412, 414 (MinnCtApp 1996); In re L.G., 728 SW2d 939, 944 (TexCtApp 1987). "An abuse of discretion 'refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.'" In re M.C., 527 NW2d 290, 291 (SD 1995)(quoting Matter of Hughes County Action No. Juvenile 90-3, 452 NW2d 128, 133 (SD 1990)). A juvenile court's conclusions of law are, however, reviewed de novo. In re M.C., 527 NW2d at 292; see also Permann v. S.D. Dept. of Labor, Unemp. Ins. Div., 411 NW2d 113, 117 (SD 1987).
ANALYSIS AND DECISION 
[Â¶5] Juvenile courts are authorized to order mental health treatment for delinquent children after adjudication.

Following adjudication of a child as a delinquent child, the court may order the child to be examined or treated by a physician or a qualified mental health professional or to receive other special care and may place the child in a hospital or other suitable facility for such purposes.
SDCL 26-8C-6. See also SDCL 26-8C-9, prohibiting temporary custody of alleged or adjudicated delinquent youth in excess of ninety days, "unless at the ninetieth day the child is in the process of receiving treatment or care which has a specified duration." Once a child is adjudicated a delinquent then the court must "enter a decree of disposition" which may include placement "at the Human Services Center for examination and treatment ... ." SDCL 26-8C-7(4). Before adjudication, however, courts are only authorized to temporarily place a child for "examination or evaluation" pursuant to SDCL 26-7A-41:

The court may require an apparent, alleged or adjudicated ... delinquent child under jurisdiction of the court to be examined by a physician or qualified mental health professional. The court may place the child in a hospital or other suitable facility for that purpose and direct that an examination or evaluation report be submitted to the court. The court may consider the report at any adjudicatory or dispositional hearing.
[Â¶6] Counsel for Y.C. cites SDCL 26-7A-42 as authority for the court's commitment order:

Prior to or following adjudication or disposition ... the court may issue orders providing for any protection, support, or dental, medical or surgical treatment of an alleged or adjudicated ... delinquent child that the court deems to be in the best interests of the child.

...
[L]ack of parental consent does not abrogate the authority of the court to order treatment if an emergency need exists or if there is a compelling need for treatment for the protection, well-being or safety of the child.
...
Clearly, this statute applies to dental, medical, or surgical treatment, but even if it could be construed to cover emergency mental health therapy, nothing before us suggests that such care was contemplated by the court. Here, without stating any reason the child needs mental health care, the commitment simply orders "treatment in the appropriate program until the child successfully completes the program."
[Â¶7] By its nature, a juvenile court transfer hearing cannot result in a determination of delinquency, cannot result in a finding of guilt as in a criminal case, and cannot "directly result in confinement or other punishment as may both a delinquency hearing and a criminal proceeding." State v. Flying Horse, 455 NW2d 605, 608 (SD 1990)(quoting State v. Piche, 442 P2d 632, 635-36 (Wash 1968), cert. denied, 393 US 1041, 21 LEd2d 588, 89 SCt 666 (1969)). The commitment in this case is in the nature of a disposition, which may only take place after an adjudication of delinquency. "Since transfer hearings take place before adjudicatory hearings--not after--they cannot be characterized as 'dispositional' under our statutory scheme." State v. Milk, 519 NW2d 313, 315 (SD 1994). See SDCL 26-7A-1(17) defining dispositional hearing as taking place "after adjudication at which the court makes an interim or final decision in the case ... ." The sole purpose of the transfer hearing is to determine if it is contrary to the best interest of the child and of the public to retain jurisdiction over the child. SDCL 26-11-4.
[Â¶8] While considering a transfer motion, a court cannot place the child in a dispositional program before deciding, among other things, whether the child is amenable to the "procedures, services, and facilities currently available to the juvenile court." SDCL 26-11-4(7). "[S]uch transfer provisions represent an attempt to impart to the juvenile court system the flexibility needed to deal with youthful offenders who cannot benefit from the specialized guidance and treatment contemplated by the system." Breed v. Jones, 421 US 519, 535, 44 LEd2d 346, 95 SCt 1779, 1789 (1975). The circuit court erred in committing Y.C. to a treatment program before deciding the transfer motion. Accordingly, we reverse and remand with instructions to rule upon the transfer question after the child completes the court-ordered evaluation.
[Â¶9] Reversed and remanded.
[Â¶10] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.